IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES NAVARRO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 26-7533 |
| | : | |
| OFFICER SHAKIRA N. GREER, OFFICER COVERT | : | |

# MEMORANDUM

**KEARNEY, J.** **November 6, 2026**

Two police officers arrested a man recovering from leg surgery during a traffic stop after learning of a pending warrant for his arrest arising from his alleged violation of a protection from abuse order involving his ex-girlfriend. The man contested the validity of the warrant with the officers. The officers enforced the warrant, placed him into custody, nd then drove him to the police station and the correctional facility. The man now pro se amends his earlier dismissed complaint by suing the two arresting police officers and his ex-girlfriend for false arrest and imprisonment, malicious prosecution, due process violations, conspiracy and failure to investigate. Congress requires we screen his amended Complaint having granted him leave to proceed without paying filing fees based upon his indigency. We again find he does not plead facts allowing us to plausibly infer constitutional claims against the two arresting officers or against his ex-girlfriend. We dismiss his amended Complaint without prejudice to timely plead facts in a second amended Complaint allowing us to plausibly infer claims within our limited subject matter jurisdiction or we will close this Action.

## I. Alleged pro se facts

Sadsbury Police Officer Muir pulled over Charles Navarro for invalid vehicle registration and insurance on or about January 30, 2025.[1] Mr. Navarro gave Officer Muir his current documents and Officer Muir checked Mr. Navarro's information in the police database.[2] More officers arrived

and ordered Mr. Navarro out of his car.[3] Mr. Navarro explained his recent ACL surgery prevented him from exiting his car quickly.[4] But Mr. Navarro still exited the car.[5] Mr. Navarro learned Oxford Police Officer Shakira Greer had a warrant for his arrest.[6] Officer Greer claimed Mr. Navarro violated a Protection From Abuse Order against his ex-girlfriend Kristy Thompson.[7] Mr. Navarro told the officers Ms. Thompson did not have a valid Protection From Abuse claim against him.[8] The officers took Mr. Navarro into custody.[9]

The officers drove Mr. Navarro to Salisbury Police Station and then transferred him to the Chester County Prison.[10] The medical staff at Chester County Prison denied Mr. Navarro care for his ACL.[11] Mr. Navarro also never received reports describing probable cause for his arrest.[12]

The Commonwealth released Mr. Navarro from custody. He then sued Officers Greer and Covert for false arrest and imprisonment, malicious prosecution, due process violations, conspiracy to violate civil rights, and failure to investigate.[13] We dismissed the Complaint because Mr. Navarro did not plead facts allowing us to infer plausible claims against the Officers.[14] But we granted Mr. Navarro leave to amend his Complaint with detailed facts to allowing us to infer plausible claims.[15] Mr. Navarro timely amended his Complaint.[16]

## II. Analysis

Mr. Navarro now sues Officers Muir and Shakira Greer in their official capacity and ex-girlfriend Kristy Thompson.[17] He alleges no claims as to Officer Covert or the correctional facility. Mr. Navarro instead claims unlawful arrest and false imprisonment, denial of due process, and deliberate indifference to serious medical needs against Officers Muir, Greer, and Ms. Thompson.[18]

We granted Mr. Navarro leave to proceed without paying filing fees requiring we screen his Complaint consistent with our Congressionally mandated obligations before issuing

summons.[19] Congress requires we dismiss all or part of Mr. Navarro's allegations if they are "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[20]

When considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B), we apply the standards in the Federal Rule of Civil Procedure 12(b)(6).[21] Mr. Navarro must plead facts allowing us to find he stated a claim for relief plausible on its face.[22] We are directed by our Court of Appeals to be "mindful of our obligation to liberally construe a pro se litigant's pleadings."[23] We "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[24] But "pro se litigants must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[25]

We dismiss without prejudice Mr. Navarro's claims against Ms. Thompson. We dismiss without prejudice Mr. Navarro's civil rights claims against Officers Muir and Greer for unlawful arrest and false imprisonment, denial of due process, and deliberate indifference to serious medical needs. Mr. Navarro may timely amend to plead facts allowing us to infer a plausible basis for these claims.

**A. We dismiss Mr. Navarro's claims against Ms. Thompson.**

Mr. Navarro pleaded unlawful arrest and false imprisonment, denial of due process, and deliberate indifference to serious medical needs civil rights claims against Ms. Thompson.[26] Mr. Navarro cannot bring civil rights claims against a non-state actor.[27] We dismiss Mr. Navarro's claims against Ms. Thompson without prejudice.

Congress under section 1983 requires a person who acts under government authority and

causes a violation of federal rights to "be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."[28] To state a civil rights section 1983 claim, Mr. Navarro must plead "a person acting under color of state law" deprived him of his constitutional rights.[29] Congress did not provide a civil rights remedy for allegedly improper actions by private persons; this cause of action applies to people acting under the color of state law.[30]

Mr. Navarro may not bring civil rights claims against a non-state actor. Mr. Navarro does not plead facts showing Ms. Thompson is a state actor. Mr. Navarro cannot sue Ms. Thompson for depriving him of civil rights unless he shows Ms. Thompson acted in concert with a state actor.[31]

We dismiss Mr. Navarro's civil rights claims against Ms. Thompson without prejudice and with leave to amend showing Ms. Thompson acted in concert with a state actor.

### B. We dismiss Mr. Navarro's claims against Officers Muir and Greer.

Mr. Navarro claims Officers Muir and Greer violated his civil rights under the Fourth, Fourteenth, and Eighth Amendments.[32] He claims unlawful arrest and false imprisonment under the Fourth Amendment, denial of due process under the Fourteenth Amendment, and deliberate indifference to a serious medical need under the Eighth and Fourteenth Amendments against Officers Muir and Greer.[33] But Mr. Navarro does not plead facts allowing us to plausibly infer these claims against Officers Muir and Greer. We dismiss Mr. Navarro's claims against Officers Muir and Greer without prejudice.

#### 1. Mr. Navarro does not plead a Fourth Amendment unlawful arrest or false imprisonment claim against Officers Muir and Greer.

Mr. Navarro claims Officers Muir and Greer violated his Fourth Amendment civil rights by unlawfully arresting and imprisoning him.[34] He alleges neither officer had probable cause.[35]

An arrest and subsequent imprisonment violates the Fourth Amendment if made without

probable cause.[36] "Thus, the proper inquiry in a [s]ection 1983 claim based on false arrest is whether the arresting officers had probable cause to believe the person arrested had committed the offense."[37] Probable cause "'exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been . . . committed by the person to be arrested.'"[38]

Mr. Navarro does not sufficiently plead facts allowing us to plausibly infer the lack of probable cause. Concluding Officers Muir and Greer arrested him "without probable cause" does not allow us to plausibly infer probable cause or an unlawful seizure.[39] Mr. Navarro must plead specific facts allowing us to plausibly infer Officers Muir and Greer lacked probable cause to arrest him based on an outstanding warrant.[40] He may later dispute the basis for the warrant in his criminal proceedings but the Officers must enforce the warrant against him unless they know the warrant is not enforceable (and not just based on Mr. Navarro's statements upon arrest).[41]

We dismiss his Fourth Amendment claim against the officers with leave to amend.

**2. Mr. Navarro does not plead a Fourteenth Amendment denial of due process claim against Officers Muir and Greer.**

Mr. Navarro claims Officers Muir and Greer violated his Fourteenth Amendment by denying him due process.[42] He alleged Officers Muir and Greer failed to provide him with notice, police reports, or the chance to challenge his Protection From Abuse warrant.[43] Mr. Navarro does not allege a Fourteenth Amendment protection.[44] We analyze his claim under both the substantive due process clause and procedural due process clause.

"[T]o prevail on a substantive due process claim, [Mr. Navarro] must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."[45] "'[O]nly the most egregious official

conduct'" shocks the conscience.[46] "[M]erely alleging an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision."[47]

To proceed on a procedural due process claim, Mr. Navarro must allege facts to allow us to plausibly infer Officers Muir and Greer deprived him of "an 'individual interest . . . encompassed within the Fourteenth Amendment's protection of life, liberty, or property'" and the available procedures did not "'provide [him] due process of law.'"[48] Mr. Navarro must also allege "'what process the State provided, and'" if the process satisfied constitutional requirements.[49] We must consider several factors to determine the Constitution's procedural protections: (1) the private interest affected, (2) the risk of erroneous deprivation, (3) the probable value of additional procedural safeguards, and (4) the government's interests. [50]

Mr. Navarro does not plead facts allowing us to plausibly infer the Officers deprived him of his substantive due process rights. Mr. Navarro alleges Officers Muir and Greer did not have proof of a valid Protection From Abuse warrant and still arrested him.[51] Mr. Navarro concludes this is a deprivation of his protected substantive due process rights.[52] But Mr. Navarro does not plead enough facts for us to plausibly infer Officers Muir and Greer's responsibility to provide him with notice, police reports, or a chance to challenge Protection From Abuse warrant. He also does not give us enough facts to show Officers Muir and Greer acted in a way to shock the conscience.

We also cannot plausibly infer Officers Muir and Greer deprived Mr. Navarro of his procedural due process rights. Mr. Navarro does not plead facts allowing us to plausibly infer Officers Muir and Greer deprived him of life or property. But Mr. Navarro alleges facts allowing us to plausibly infer Officers Muir and Greer deprived him of liberty.[53] Officers Muir and Navarro deprived Mr. Navarro of his liberty when they arrested him.[54] Mr. Navarro must allege the process

provided by Officers Muir and Greer did not meet constitutional requirements.[55] We must consider whether Mr. Navarro alleged facts allowing us to plausibly infer Officers Muir and Greer's actions created a risk of erroneous deprivation.[56] Mr. Navarro must also plead facts allowing us to plausibly infer the additional procedural safeguards and the government's interest against these safeguards.[57] Officer Muir and Greer's actions did affect Mr. Navarro's private interests because they arrested him.[58] But Mr. Navarro does not plead facts allowing us to plausibly infer the arrest deprived him of his liberty. He also does not plead facts allowing us to plausibly infer deficient procedures. We cannot infer the procedures available deprived Mr. Navarro of his procedural due process rights.[59]

We dismiss his due process claim with leave to amend.

**3. Mr. Navarro does not plead an Eighth and Fourteenth Amendment deliberate indifference to serious medical need claim against Officers Muir and Greer.**

Mr. Navarro claims Officers Muir and Greer violated his Eighth and Fourteenth Amendment civil rights by acting with deliberate indifference to his serious medical needs.[60] He alleges Officers Muir and Greer and the Chester County Prison staff did not provide him the proper post-treatment from his ACL surgery.[61]

Our Framers' prohibition on cruel and unusual punishment in the Eighth Amendment forbids state actors' deliberate indifference to serious medical needs of incarcerated persons. To raise a claim of deliberate indifference to a serious medical need Mr. Navarro must allege "a serious medical need, and . . . acts or omissions by" Officers Muir and Greer indicating deliberate indifference of the need.[62] A serious medical need is when the "'failure to treat can be expected to lead to substantial and unnecessary suffering,' and a doctor has diagnosed the condition, or the need for treatment would be obvious to a lay person."[63]

Mr. Navarro does not plead facts allowing us to plausibly infer Officers Muir and Greer acted with deliberate indifference to his serious medical needs. Mr. Navarro alleges facts about lack of medical care while in the custody of Chester County Prison. Mr. Navarro alleges he told the officers about his ACL injury when he exited his car.[64] But this is not enough for us to plausibly infer deliberate indifference against Officers Muir and Greer.

We dismiss this claim with leave to amend for Mr. Navarro to plead Officers Muir and Greer and possibly the Chester County Prison violated his Eighth and Fourteenth Amendment rights.

## III. Conclusion

We dismiss Mr. Navarro's claims against Ms. Thompson and Officers Muir and Greer without prejudice. We grant Mr. Navarro leave to timely amend in good faith consistent with Rule 11 and this Memorandum with facts allowing us to plausibly infer the alleged unlawful arrest and false imprisonment, denial of due process, and deliberate indifference to serious medical needs claims.

---

[1] ECF 6 at 2 ¶¶ 1–2.

[2] *Id.* ¶¶ 2–3.

[3] *Id.* ¶ 4.

[4] *Id.*

[5] *Id.*

[6] *Id.* ¶ 5.

[7] *Id.*

[8] *Id.* ¶ 6.

[9] *Id.*

[10] *Id.* ¶ 7.

---

[11] *Id.* ¶ 8.

[12] *Id.* ¶ 9.

[13] ECF 2 ¶ 5.

[14] ECF 5 at 1.

[15] *Id.*

[16] ECF 6.

[17] *Id.*

[18] ECF 6 at 3.

[19] ECF 5 at 1.

[20] 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[21] *Elansari v. Univ. of Pa.,* 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling,* 229 F.3d 220, 223 (3d Cir. 2000)). A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,' it does require the pleading show 'more than a sheer possibility … a defendant has acted unlawfully.'" *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn

from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp*., 809 F.3d 780, 787 (3d Cir. 2016).

[22] *Iqbal*, 556 U.S. at 678.

[23] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[24] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). Under Rule 8(e), "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). We are directed by our Court of Appeals this liberal standard is "even more pronounced" where, as here, a plaintiff files a complaint pro se, without assistance of counsel, to "protect pro se litigants from the inadvertent forfeiture of important rights due merely to their lack of legal training." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (first quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); then citing *Higgs*, 655 F.3d at 339).

[25] *Yogt,* 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245).

[26] ECF 6 at 3.

[27] *Porter v. Pa. Dep't of Corrs.*, 974 F.3d 431, 437 (3d Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Fleming v. Warren*, No. 19-2926, 2019 WL 5086962, at *4 (E.D. Pa. Oct. 10, 2019), *aff'd*, 812 F. App'x 102 (3d Cir. 2020) ("Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation[.]").

[28] 42 U.S.C. § 1983.

[29] *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 534 (E.D. Pa. 2015) (citing 42 U.S.C. § 1983), *aff'd sub nom. Gannaway v. PrimeCare Med., Inc.*, 652 F. App'x 91 (3d Cir. 2016).

[30] *Porter v. Pa. Dep't of Corrs.*, 974 F.3d 431, 437 (3d Cir. 2020) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Fleming v. Warren*, No. 19-2926, 2019 WL 5086962, at *4 (E.D. Pa. Oct. 10, 2019), *aff'd*, 812 F. App'x 102 (3d Cir. 2020) ("Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation[.]").

[31] *Singh v. Harrison*, 412 F. App'x 430, 431 (3d Cir. 2011); *Burke v. Bachert*, 702 F. Supp. 3d 347, 364 (E.D. Pa. 2023).

[32] ECF 6 at 3.

[33] *Id.*

[34] ECF 6.

[35] *Id.* at 3.

[36] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) ("A false imprisonment claim under § 1983 which is based on an arrest made without probable cause is grounded in the Fourth Amendment's guarantee against unreasonable seizures . . . [i]f the jury found in plaintiffs' favor on the false arrest claim, it could also find that [the plaintiff] suffered a violation of his constitutional rights by virtue of his detention pursuant to that arrest"); *Mitchell v. Robinson*, No. 24-5687, 2025 WL 1047714, at *5 (E.D. Pa. Apr. 8, 2025); *Maiale v. Youse*, No. 3-5450, 2004 WL 1925004, at *12 (E.D. Pa. Aug. 24, 2004) ("[f]alse arrest and false imprisonment are thus nearly identical claims, and are generally analyzed together") (citing *Olender v. Twp. of Bensalem*, 32 F.Supp.2d 775, 791 (E.D. Pa. 1999)).

[37] *Irick v. City of Phila.*, No. 07-13, 2008 WL 2120171, at *8 (E.D. Pa. May 20, 2008) (internal quotations omitted).

[38] *White v. Upper Darby Twp.*, No. 25-6665, 2026 WL 228252, at *7 (E.D. Pa. Jan. 28, 2026) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995)); *LeCount v. Kropp*, No. 25-1161, 2025 WL 790935, at *2 (E.D. Pa. Mar. 12, 2025).

[39] ECF 6 at 3; *see Groman*, 47 F.3d at 636; *Mitchell v. Robinson*, No. 24-5687, 2025 WL 1047714, at *5 (E.D. Pa. Apr. 8, 2025); *Maiale v. Youse*, No. 3-5450, 2004 WL 1925004, at *12 (E.D. Pa. Aug. 24, 2004).

[40] *White v. Upper Darby Twp.*, No. 25-6665, 2026 WL 228252, at *7 (E.D. Pa. Jan. 28, 2026) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995)); *LeCount v. Kropp*, No. 25-1161, 2025 WL 790935, at *2 (E.D. Pa. Mar. 12, 2025).

[41] *United States v. Info. Associated with Email Acct. (Warrant)*, 449 F. Supp. 3d 469, 475 (E.D. Pa. 2020); *see United States v. Stallworth*, No. 25-305, 2026 WL 2861281, at *6 (E.D. Pa. Sept. 23, 2026) ("the law enforcement officers who executed the search warrants had no basis to doubt the validity of the warrants and executed them in good faith").

[42] ECF 6 at 3.

[43] ECF 6.

[44] *Id.* at 3.

[45] *Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)).

[46] *Joey's Auto Repair & Body Shop v. Fayette Cnty.*, 785 F. App'x 46, 50 (3d Cir. 2019) (quoting *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)); *eXp Realty, LLC v. Borough of Glenolden*, No. 23-4287, 2024 WL 1806429, at *11 (E.D. Pa. Apr. 25, 2024).

[47] *Chainey v. Street*, 523 F.3d 200, 220 (3d Cir. 2008) (citing *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003)).

[48] *In re Energy Future Holdings Corp*, 949 F.3d 806, 822 (3d Cir. 2020) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)); *Little v. Outlaw,* No. 24-4033, 2025 WL 581164, at *9 (E.D. Pa. Feb. 20, 2025).

[49] *Cain v. Bass*, No. 22-360, 2022 WL 17418626, at *8 (E.D. Pa. Dec. 5, 2022) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).

[50] *Garcia v. Jamison*, No. 26-2214, 2026 WL 1122608, at *6 (E.D. Pa. Apr. 24, 2026) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

[51] ECF 6 at 2 ¶ 6.

[52] *Id.* at 3.

[53] *Id.* at 2 ¶ 6.

[54] *Id.* at 2 ¶ 6.

[55] *Cain v. Bass*, No. 22-360, 2022 WL 17418626, at *8 (E.D. Pa. Dec. 5, 2022) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)).

[56] *Garcia v. Jamison*, No. 26-2214, 2026 WL 1122608, at *6 (E.D. Pa. Apr. 24, 2026) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

[57] *Ferris v. Milton S. Hershey Med. Ctr.*, 701 F. App'x 91, 96 (3d Cir. 2017) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)); *Little v. Outlaw,* No. 24-4033, 2025 WL 581164, at *9 (E.D. Pa. Feb. 20, 2025).

[58] ECF 6 at 2 ¶ 6.

[59] *Ferris v. Milton S. Hershey Med. Ctr.*, 701 F. App'x 91, 96 (3d Cir. 2017) (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006)); *Little v. Outlaw,* No. 24-4033, 2025 WL 581164, at *9 (E.D. Pa. Feb. 20, 2025).

[60] ECF 6 at 3.

[61] *Id.* Mr. Navarro includes the Chester County Prison staff under his claims for relief. *Id.* But he does not name the Chester County Prison staff so we do not include them in our analysis. Mr. Navarro may include detailed facts allowing us to plausibly infer claims against specific state actors who violated his Eighth and Fourteenth at the Chester County Prison in a second amended Complaint. But he does not do such today.

[62] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Dates v. Winters*, No. 21-37, 2022 WL 1157890, at *3 (E.D. Pa. Apr. 19, 2022); *Erdreich v. City of Philadelphia*, No. 18-2290, 2019 WL 1060051, at *6 (E.D. Pa. Mar. 6, 2019).

[63] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991)).

---

[64] ECF 6 ¶ 4.